

Edward Y. Kroub – Partner
225 Broadway, 39th Floor
New York, NY 10007
P: (212) 595-6200
F: (212) 595-9700
ekroub@mizrahikroub.com

June 15, 2023

**VIA ECF**

The Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *Bassaw v. Caldigit, Inc.,* No. 1:23-cv-03483-RA

Dear Judge Abrams:

    We represent plaintiff Shivan Bassaw ("Plaintiff") in the above-referenced matter. We respectfully write in opposition to defendant Caldigit Inc.'s ("Defendant") improperly filed motion to dismiss. *See* Docket No. 7.

**Introduction**

    Defendant is a corporation and has not yet retained counsel to represent it in this action. It is well-settled that a corporation cannot be represented *pro se*. As such, Defendant's motion to dismiss should respectfully be stricken. Alternatively, or additionally, we respectfully request that the Court require Defendant to retain counsel and thereafter set a conference as soon as practicable so that the parties and the Court may learn the legal bases for the relief Defendant is seeking. However, to the extent the Court evaluates Defendant's letter motion on the merits, Plaintiff respectfully requests that the Court deny it.

**Defendant Must be Represented by Counsel**

    Defendant is a corporation and cannot be represented *pro se*. It is well settled that a corporation or other artificial entity cannot appear in federal court unless it is represented by counsel. *See, e.g., Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Jones v. Niagara Frontier Transp. Authority*, 722 F.2d 20, 22 (2nd Cir. 1983) ("it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se … The rule that a corporation may litigate only through a duly licensed attorney is venerable

and widespread."). Pleadings submitted by corporations and other artificial entities who are not represented by counsel "must be stricken from the record." *MGID, Inc. v. Outbrain, Inc.*, No. 1:13-cv-367 (PCG), 2013 U.S. Dist. LEXIS 203287, *3-*4 (S.D.N.Y. May 13, 2013); *Chiacchia v. Schitkedanz*, No. 1:11- cv-00837 (MAT-HKS), 2016 US Dist. LEXIS 68953, *5 (W.D.N.Y. May 25, 2016) (Filings presented by a corporation that represents itself "are a legal nullity" and such filings "will be stricken from the docket"). Because Defendant submitted its notice of motion *pro se*, its notice of motion is a legal nullity and the Court should strike it from the docket. Alternatively (or additionally), Plaintiff respectfully requests that the Court require Defendant to retain counsel and subsequently set a conference so that the parties and the Court can learn the legal bases for the relief Defendant is seeking.

**Defendant's Grounds for Dismissal are Meritless**

Defendant appears to base its motion to dismiss on two grounds: (1) that the Court lacks subject matter jurisdiction over this case, and (2) that Plaintiff fails to state a claim upon which relief can be granted. Neither of these arguments have merit. Dismissal at this stage would be both improper and premature.

**Court does not lack subject matter jurisdiction**

Defendant claims that the Court lacks subject matter jurisdiction over this case, however such an argument lacks merit. Defendant claims that Title III of the ADA applies to places of public accommodation with 15 or more employees and that because Defendant's corporation is a business with less than 15 employees, the Court lacks subject matter jurisdiction. However, Defendant is erroneous in its assertion, as the 15-employee threshold that Defendant relies upon in its motion to dismiss argument applies solely to Title I of the ADA. 42 U.S.C. § 12111(5)(A). There is no mention of such a threshold as it pertains to Title III of the ADA, which addresses (and is entitled) "Prohibition of discrimination by public accommodations". Indeed, the main subchapters (known as "Titles") of the Americans with Disabilities Act cover specific areas of the law with Title I covering discrimination in employment and hiring, Title II covering public services, programs, and activities, and Title III covering discrimination as it relates to public accommodations. This is a case which was commenced pursuant to Title III, and it is accepted law in this jurisdiction that these Titles are separate, exclusive, and distinct, covering different types of discrimination. *Cf. Henny v. New York State*, 842 F.Supp.2d 530, 543-550 (for a discussion comparing/contrasting the plain meaning and Congressional intent of Title I and Title II in opining that Title II does not also cover Title I employment discrimination claims). In this matter, Plaintiff does not make a Title I employment discrimination claim, but rather, he alleges a Title III claim of discrimination against him in the setting of a public accommodation (i.e., Defendant's website). Accordingly, Defendant's motion to dismiss must be denied on substantive grounds, if not stricken by this Court altogether for being procedurally improper.

**The website is a place of public accommodation**

In Defendant's motion to dismiss, Defendant also claims that Plaintiff fails to establish a sufficient nexus or demonstrate that the website is a place of public accommodation.

However, multiple district courts in this circuit, including this one, have already held that websites qualify as places of public accommodation, even when they are not attached to a traditional brick-and-mortar store." *Jaquez v. Dermpoint*, 20-CV-7589 (JPO), 2021 U.S. Dist. LEXIS 96067, at *7-8 (S.D.N.Y. May 20, 2021); *Monegro v. I-Blades, Inc.*, No. 21 Civ. 3093 (GBD) (SN), 2023 U.S. Dist. LEXIS 43027, at *9 (S.D.N.Y. Mar. 14, 2023) (citing *Martinez v. Gutsy LLC*, No. 22 Civ. 409 (NGG) (RLM), 2022 U.S. Dist. LEXIS 214830, at *3 (E.D.N.Y. Nov. 29, 2022)(holding that "the vast majority of courts in this circuit have held that commercial websites qualify as places of public accommodation independent of a nexus to a physical space."). In fact, as recent as this month, Judge Ramos' Court held that a "website is a place of public accommodation within the meaning of the ADA." *Guerrero v. Ellusionist.com, Inc.*, No. 22-CV-2465 (ER), 2023 WL 3847402, at *4 (S.D.N.Y. June 6, 2023); *see also Chalas v. Pork King Good*, 2023 U.S. Dist. LEXIS 79100 (S.D.N.Y. May 5, 2023). Furthermore, as Judge Woods stated in *Dominguez v. Banana Republic, LLC*, "requiring some nexus between the website and the physical place of public accommodation is both unworkable and would produce absurd results." *Dominguez v. Banana Republic, LLC*, 1:19-cv-10171-GHW, 2020 U.S. Dist. LEXIS 72193, at *22-*23 (S.D.N.Y. April 23, 2020).

Accordingly, it is clear that Defendant's website is a place of public accommodation, and this Court should deny Defendant's Motion to Dismiss.

**Conclusion**

For the reasons set forth above, Plaintiff respectfully requests that the Court: (i) strike Defendant's motion to dismiss from the docket; (ii) require Defendant to retain counsel; and (iii) subsequently set a conference to discuss Defendant's notice of motion. However, if the Court evaluates Defendant's motion now, Plaintiff respectfully requests that the Court deny it.

Respectfully submitted,

/s/ *Edward Y. Kroub*
Edward Y. Kroub, Esq.

Cc:    All Counsel of Record (via ECF) and Defendant via Email and U.S. Mail